960 F.2d 144
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES OF AMERICA, Appellee,
v.
James A. MCNUTT, Defendant, Appellant.
 No. 91-1686.
 United States Court of Appeals,
First Circuit.
 April 13, 1992
 
 Perry O'Brian for appellant.
 Jay P. McCloskey, Assistant United States Attorney, with whom Richard S. Cohen, United States Attorney, was on brief for appellee.
 Before Torruella, Circuit Judge, Coffin and Campbell, Senior Circuit Judges.
 COFFIN, Senior Circuit Judge.
 
 
 1
 Defendant-appellant McNutt was convicted for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). On appeal, he argues that the evidence was insufficient to support the jury's verdict and that the district court erred in refusing to grant his motion for a new trial based on newly discovered evidence. We affirm.
 
 
 2
 Factual Background. On the morning of September 29, 1990, McNutt collapsed in his home. Sheriff's deputies who responded noticed cocaine in one of the bedrooms, obtained a search warrant and seized a large quantity of cocaine and drug distribution paraphernalia. When asked by a paramedic on the scene whether he had taken cocaine, McNutt answered that he had not, that he had taken pills from the medicine cabinet in the bathroom. The paramedic found only over-the-counter medications there.
 
 
 3
 Five days later, drug enforcement agents returned to arrest McNutt. When they arrived, he was wearing a robe, and he went to the bedroom where the drugs and equipment had been found to get dressed. A drug enforcement agent testified that, upon questioning, McNutt first said the cocaine belonged to two hunters from Connecticut who had rented his cottage. When pressed by another agent, however, McNutt said he could not speak any further because "they would kill him."
 
 
 4
 McNutt's companion on the day of his collapse, Jennifer Ambrose, initially had reported to a sheriff's deputy that defendant had "slumped over" after several visits to the bedroom where the cocaine was found. At trial, however, Ambrose testified that she and McNutt had been at the cottage only a short time when, while talking with her about leaving, defendant began "[s]haking and foaming at the mouth" before collapsing. Ambrose further testified that before she went into McNutt's house she saw two men hurry out of the cottage, get into a truck and drive off. She did not report this to either of the two law enforcement officers who interviewed her after defendant's arrest.
 
 
 5
 Sufficiency. It is well established that, in evaluating a challenge to the sufficiency of the evidence, our role is limited to determining whether a rational trier of fact viewing the evidence in the light most favorable to the government could have found guilt beyond a reasonable doubt. United States v. McLaughlin, Nos. 91-1455, 1456, slip op. at 15 (1st Cir. Feb. 18, 1992). The government may prove its case by circumstantial evidence and need not disprove every hypothesis of innocence. Id.
 
 
 6
 When the record is so viewed, we have no trouble concluding that the verdict was supported by the evidence presented. The jury could have found that McNutt's collapse in his home resulted from a cocaine overdose. Such a finding was supported by Ambrose's initial report that defendant had slumped over after several visits to the bedroom containing the cocaine. In addition, paramedic Shorette testified that McNutt's neighbor, an emergency room nurse who had been summoned to help, had indicated that "she thought it was perhaps a cocaine overdose." This view was reinforced by Shorette's testimony that she found no potent medications in the medicine cabinet.
 
 
 7
 Defendant's apparent use of the cocaine found in the bedroom supports the inference that he had possession of the drug. Jurors additionally had before them Deputy Antone's testimony of the conversation he had with McNutt on the day of his arrest in which, after first claiming the cocaine belonged to hunters from Connecticut, defendant expressed fear for his life if he cooperated with the investigation. The jury reasonably could have inferred from these statements that McNutt had concocted the story of the hunters to mask his participation in the distribution enterprise and his possession of the cocaine.
 
 
 8
 Finally, the fact that McNutt retrieved his clothing on the day of his arrest from the bedroom where the cocaine was found-the only apparently lived-in bedroom in the cottage-supports the inference that he had had "dominion and control" over the drug sufficient to establish constructive possession of it. See United States v. Barnes, 890 F.2d 545, 549 (1st Cir. 1989) (government may prove either actual or constructive possession to support conviction under § 841(a)); United States v. Thompson, 700 F.2d 944, 952 (5th Cir. 1983) ("[C]onstructive possession may be proved by 'ownership, dominion or control over the contraband itself, or dominion over the premises ... in which the contraband was concealed.' ") (emphasis in original). The jury was free to disbelieve defendant's tale of two hunters as well as Ambrose's testimony that she saw two men flee the cottage, particularly in light of the inconsistencies in both of their accounts.
 
 
 9
 We therefore reject McNutt's sufficiency claim.
 
 
 10
 Motion for new trial. Approximately five months after the jury verdict, and a week after sentencing, defendant filed a new trial motion based on two pieces of previously undiscovered evidence that supported his alibi about the hunters from Connecticut. In an affidavit, McNutt claimed that he discovered telephone records showing a series of collect phone calls made to Connecticut from his home on September 29, 1990. A second affidavit from McNutt's attorney describes the testimony of a potential witness, Mary Johnson, who would state that she tried to call McNutt at his home five or six times during a two-to-three-day period in late September 1990. Unable to reach him by telephone, she went to his house and encountered two individuals who said they had rented the cottage and did not know how to locate McNutt.
 
 
 11
 McNutt is entitled to a new trial on the basis of newly discovered evidence only if he can demonstrate that: (1) the evidence was unknown or unavailable to him at the time of trial; (2) failure to learn of the evidence was not due to his lack of diligence; (3) the evidence is material, and not merely cumulative or impeaching; and (4) it probably would result in an acquittal upon retrial. United States v. Wright, 625 F.2d 1017, 1019 (1st Cir. 1980). We ordinarily will affirm the district court's denial of a new trial "unless the court has manifestly abused its discretion." Id.
 
 
 12
 In rejecting the motion, the district court found that three of the four prerequisites for a new trial were not met: defendant was not diligent, the proposed evidence was cumulative and acquittal was not likely upon retrial. We find no abuse in these conclusions. A defendant seeking to bolster the alibi offered by McNutt at trial, and exercising due diligence, unquestionably would have pursued all possible objective evidence showing that other people were occupying his home. Telephone records strike us as a particularly obvious source of such evidence. Equally apparent would be the value of testimony from family and close friends, who must have known if he had moved out of the cottage that he had rented for ten years.
 
 
 13
 Although defendant's lack of diligence is alone a sufficient basis for denying a new trial, United States v. Natanel, 938 F.2d 302, 313 (1st Cir. 1991), we agree with the district court that his motion was deficient in other respects as well. The offered evidence, while reinforcing McNutt's claim that the cocaine belonged to out-of-state hunters, nevertheless was cumulative of evidence he presented at trial through Jennifer Ambrose. Moreover, the very similarity of the proposed new evidence to that already presented makes it unlikely that a retrial would result in acquittal. Even though the telephone records would have lent some objective corroboration to defendant's alibi, the bare fact that calls were made from his home to Connecticut does not make his defense significantly more believable. In any event, we cannot say the district court wrongly concluded that the proposed new evidence probably would not effect an acquittal.
 
 
 14
 Accordingly, we find that the district court exercised its discretion permissibly in denying defendant's motion for new trial.
 
 
 15
 Affirmed.